**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ASCENTIUM CAPITAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE NO. 4:21-cv-00845 |
| PASQUALINI CONSTRUCTION, INC., | ) | |
| NRWA LLC, ABDUL N. KHAN, and | ) | |
| KHANS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Ascentium Capital LLC ("Ascentium"), and states its complaint against the above-named Defendants, Pasqualini Construction, Inc. ("Pasqualini"), NRWA LLC ("NRWA"), Abdul N. Kahn ("Khan"), and Khans LLC ("KLLC") (collectively, the "Defendants"), respectfully showing the Court as follows:

## I.     PRELIMINARY STATEMENT

Ascentium is the victim of a fraud orchestrated by the Defendants. They induced Ascentium to approve a loan for NRWA to purchase equipment from Pasqualini, a contractor. When NRWA defaulted on the loan, the fraud began to come to light when Ascentium inspected NRWA's gas station. Ascentium's inspector was unable to locate any of the equipment collateral that NRWA supposedly had purchased from Pasqualini.

Ascentium discovered Pasqualini did not use the loan proceeds to purchase equipment for NRWA after all and, on information and belief, Pasqualini never intended to do so. Nor did the other Defendants intend for Pasqualini to do so. On the contrary, the Defendants had a side agreement between themselves to divvy up and use Ascentium's loan proceeds for other purposes.

The Defendants essentially acquired funds from Ascentium—an equipment leasing and finance company—under false pretenses, leaving Ascentium with no collateral to foreclose upon to mitigate its losses.

Ascentium seeks to hold the Defendants accountable for their actions and recover its losses related to the loans at issue in this action.  Ascentium alleges the following as further support:

## II.     PARTIES

### A.     Ascentium

1.     Ascentium is a limited liability company with a primary place of business in Texas.

2.     Ascentium is wholly owned by RF Ascentium, LLC, and RF Ascentium, LLC in turn is wholly owned by Regions Bank.

3.     Regions Bank is an Alabama corporation with its principal place of business in Birmingham, Alabama.

4.     Ascentium is a commercial lender that provides equipment and technology financing solutions for companies ranging in size to family-owned businesses to Fortune 500 companies.

5.     Among other industries, Ascentium provides financing and leasing options for manufacturers, distributors, resellers, and franchise organizations, as well as direct financing options for small businesses in the United States.

6.     With the typical equipment finance transaction, Ascentium provides funding for some or all of the purchase price of the equipment on credit terms, and Ascentium takes a purchase money security interest in the equipment to secure repayment.

7.     In these equipment finance transactions, Ascentium's collateral is often a significant, if not primary, source of recovery if the customer defaults on the loan.  Accordingly, the availability and value of the collateral is often a critical aspect of Ascentium's lending decisions.

**B.      Pasqualini**

8.      Pasqualini is a Connecticut corporation with its principal place of business located at 38 Hatchett's Hill Road, Old Lyme, Connecticut 06371.

9.      Pasqualini may be served with process through its registered agent, Robert Pasqualini, at 38 Hatchett's Hill Road, Old Lyme, Connecticut 06371 or wherever he may be located.

10.      On information and belief, Pasqualini assists its customers with preparation and/or submission of financing applications to fund the purchase of equipment and construction materials from Pasqualini.

11.      The financing applications list Pasqualini's customer as the borrower and includes a Pasqualini invoice.

12.      For each financing transaction, Pasqualini prepares an invoice itemizing each purchase.

13.      Pasqualini markets itself as a Connecticut based construction company; notwithstanding, however, Pasqualini regularly solicits and transacts business in other states.

14.      Pasqualini has also solicited Ascentium and assisted at least two other customers besides NRWA in securing three additional loans with Ascentium since 2019.

15.      In August 2019, for example, Pasqualini's customer Adin LLC applied for a loan with Ascentium to finance its project with Pasqualini.  Ascentium and Pasqualini frequently corresponded with one another in connection with that project and the related funding, and Pasqualini ended up receiving $40,000 loan proceeds from Ascentium.

16.      As another example, in March 2020, Pasqualini's customer Pennsylvania Ave Gas LLC ("PAG") applied for two loans with Ascentium to finance its project with Pasqualini.  Once again, Ascentium and Pasqualini frequently corresponded with one another in connection with that

project and the related funding, and Pasqualini ended up receiving $75,0000 in loan proceeds from Ascentium.

17.     Accordingly, on at least four (4) occasions, Pasqualini prepared a customer invoice for Ascentium's loan approval and submitted the invoice directly to Ascentium.  On each such occasion, Pasqualini sought to assist its customer with financing a project and obtain the loan proceeds from Ascentium.  And on each such occasion, Pasqualini received loan proceeds from Ascentium to pay the invoice at issue.

18.     Indeed, Pasqualini has received at least $243,500 from Ascentium as a result of Ascentium's financing of Pasqualini projects for customers.

**C.     The Borrower Defendants**

19.     NRWA is a Connecticut limited liability entity with its principal place of business located at 1103 Old Colony Road, Wallington, Connecticut 06492.

20.     NRWA may be served through its registered agent, Abdul Khan, at 13 Dutton Place Way, Glastonbury, Connecticut 06033 or wherever he may be found.

21.     Khan is a resident of the State of Connecticut and may be served at his residence located at 13 Dutton Place Way, Glastonbury, Connecticut 06033 or wherever he may be located.

22.     KLLC is a Connecticut limited liability company with its principal place of business located at 24 Stoney Brook Dr C6, Glastonbury, CT 06033.

23.     KLLC may be served through its registered agent, Mehmud Qureshi, at 611 Main Street, East Hartford, Connecticut 06108 or wherever he may be found.

**III.     JURISDICTION AND VENUE**

24.     At all times pertinent hereto, Ascentium is and was a citizen of the State of Alabama.

25.     At all times pertinent hereto, Pasqualini is and was a citizen of the State of Connecticut.

26.     At all times pertinent hereto, Khan is a citizen of the State of Connecticut.

27.     On information and belief, Khan is one of three individual members of NRWA, each of which is a citizen of the State of Connecticut. Therefore, NRWA is and was a citizen of the State of Connecticut at all times pertinent hereto.

28.     On information and belief, Khan is the sole member of KLLC, and therefore KLLC is and was a citizen of the State of Connecticut at all times pertinent hereto.

29.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because Ascentium, on the one hand, and the Defendants, on the other hand, are citizens of different states, and the amount in controversy exceeds $75,000.00.

30.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to Ascentium's claims have occurred in this judicial district.

31.     Personal jurisdiction exists as to the Defendants, because they regularly conduct business in the State of Texas and, as a result, are subject to the general jurisdiction of this Court. *See Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376 380 (stating, "it is well-established that the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment). Further, the Defendants have sufficient minimum contacts with the State of Texas related to the transactions and events in this specific cause of action also giving rise to specific jurisdiction.

IV.     **FACTUAL BACKGROUND**

      A.     **The First Old Colony Road Agreement**

32.     In or around 2018, NRWA began planning for the opening of a gas service station located at 1103 Old Colony Road, Wallingford, Connecticut 06492 (the "Old Colony Road Facility").

33.     Pasqualini agreed to sell and install certain equipment to NRWA at the Old Colony Road Facility.

34.     In June 2018, NRWA placed an order with Pasqualini (the "Pasqualini Order") for the purchase, delivery, and installation of three (3) CITGO Centennial Dispensers totaling $52,477.12, Dispenser Islands totaling $10,000.00, a Tank Pad totaling $10,000.00, materials totaling $9,700.00, and Point of Sale equipment totaling $17,000.00 for a grand total of $89,177.12 (collectively, the "Pasqualini Equipment").  The Pasqualini Order and the Pasqualini Equipment are evidenced by and further described with more particularly in the Pasqualini Invoice (defined below).

35.     The Pasqualini Invoice also quoted labor costs for the installation of the Pasqualini Equipment for a total amount of $39,322.88 ("Pasqualini's Labor Costs").  Pasqualini's Labor Costs and the Pasqualini Equipment totaled $128,500.

36.     On June 28, 2018, Ascentium, as lender, and NRWA, as borrower, entered into Equipment Financing Agreement No. 2261368 (the "First Old Colony Road Agreement").

37.     Pursuant to, among other things, the provisions of the First Old Colony Road Agreement, Ascentium agreed to finance NRWA's purchase of the Pasqualini Equipment and Pasqualini's Labor Costs.  A true and correct copy of the First Old Colony Road Agreement is attached hereto as **Exhibit A** and incorporated herein.

38.     Under the First Old Colony Road Agreement, Ascentium agreed to advance $128,500, which was 100% of the purchase price for the Pasqualini Equipment and Pasqualini's Labor Costs.  Additionally, Ascentium agreed to advance another $43,730.76, which was 100% of the purchase price for additional equipment from vendor Quality Petro Services (the "First Quality Petro Services Equipment" and together with the Pasqualini Equipment, the "First Old Colony Road Equipment).

39.     The First Old Colony Road Agreement clearly expresses Ascentium's intention to loan funds to NRWA for the sole purpose of purchasing and funding the First Old Colony Road Equipment and Pasqualini's Labor Costs.  More specifically, the First Old Colony Road Agreement provides, in pertinent part:

> We agree to lend you, and you agree to borrower from us, an amount for the financing of the Collateral … [and] [y]ou represent and warrant to us that all information conveyed to us in connection with this Agreement and all related documents whether by you, a guarantor, the supplier, or any other person is true, accurate, complete and not misleading.

40.     NRWA agreed to repay all sums advanced by Ascentium under the First Old Colony Road Agreement, together with interest, fees, and other charges, in accordance with its respective terms.

41.     Khan also executed the First Old Colony Road Agreement in his individual capacity, whereby he unconditionally guaranteed NRWA's payment and performance in accordance with its respective terms.

42.     KLLC also contemporaneously executed a guaranty in Ascentium's favor, unconditionally guaranteeing NRWA's payment and performance under the First Old Colony Road Agreement (the "First KLLC Guaranty"). A true and correct copy of the First KLLC Guaranty is attached hereto as **Exhibit B** and incorporated herein.

43.     Pasqualini (through its agent and/or employee Sean Hanrahan) was aware that Ascentium was financing the Pasqualini Order for the specific purpose of purchasing and funding the Pasqualini Equipment and Pasqualini's Labor Costs, because Pasqualini (through its agent and/or employee Sean Hanrahan) emailed an itemized invoice directly to Ascentium for review and approval (the "Pasqualini Invoice").  A true and correct copy of the Pasqualini Invoice is attached hereto as **Exhibit C** and incorporated herein.

44.     Moreover, Pasqualini and Khan had a clear understanding of Ascentium's intention to loan funds to NRWA for the sole purpose of purchasing and funding the First Old Colony Road Equipment and Pasqualini's Labor Costs as evidenced by a Construction Contract dated June 4, 2018 as between KLLC and Khan, as the client, and Pasqualini, as the contractor (the "Construction Contract").  A true and correct copy of the Construction Contract is attached hereto as **Exhibit D**.

45.     The Construction Contract provides, in part:

> The Contractor agrees to furnish all the material and perform all the labor and pay for all Fees, costs, and expenses as described in proposal dated (5/18/2018 Attached) for TANK REPLACEMENT, located at: 1103 OLD COLONY ROAD, WALLINGFORD, CT….
>
> …
>
> PAYMENT TERMS
>
> 1)     $128,500.00 UPON SIGNING OF CONTRACT (VIA ASCENTIUM CAPITAL LLC).
>
> 2)     $10,000.00 UPON INSTALLATION OF TANKS.
>
> 3)     $10,000.00 UPON AIR TEST OF PRIMARY AND VENT PIPING.
>
> 4)     $11,500 BALANCE UPON JOB COMPLETION.

46.     Further evidencing Pasqualini's knowledge and participation (through its agents and/or employees) in the fraudulent scheme, Sean Hanrahan (as agent and/or employee of Pasqualini) emailed Pasqualini's funding instructions to Ascentium in June 2018 (the "Pasqualini Funding Instructions").  A true and correct copy of the Pasqualini Funding Instructions is attached hereto as **Exhibit E** and incorporated herein.

47.     On June 28, 2018, NRWA, executed a Delivery and Acceptance Certificate, wherein NRWA "irrevocably direct[ed] Ascentium Capital LLC to pay the equipment suppliers the purchase price of the [First Old Colony Road] Equipment" (the "Old Colony Road Delivery and Acceptance Certificate").  A true and correct copy of the Old Colony Road Delivery and Acceptance Certificate is attached hereto as **Exhibit F** and incorporated herein.

48.     Ascentium transferred $128,500 to Pasqualini on three (3) separate funding dates (collectively, the "Pasqualini Funding") as evidenced by the Payment Notifications dated July 2, 2018, July 3, 2018, and December 11, 2018 (collectively, the "Pasqualini Funding Receipts") and $43,730.76 to Quality Petro Services, as evidenced by the Payment Notification dated July 2, 2018 (the "First Quality Petro Funding Receipt").  True and correct copies of the Pasqualini Funding Receipts and First Quality Petro Funding Receipt are collectively attached hereto as **Exhibit G** and incorporated herein.

49.     On information and belief, sometime after Ascentium wired the Pasqualini Funding to Pasqualini, Pasqualini and Khan privately canceled or delayed the Pasqualini Order (without Ascentium's knowledge or consent).

50.     On information and belief, Pasqualini retained the Pasqualini Funding for its own purposes rather than refunding Ascentium.

**B.**     **The Second Old Colony Road Agreement**

51.     On June 28, 2018, Ascentium, as lender, and NRWA, as borrower, entered to a second agreement, Equipment Finance Agreement No. 2261665 (the "Second Old Colony Road Agreement" and together with the First Old Colony Road Agreements, the "Old Colony Road Agreements").  A true and correct copy of the Second Old Colony Road Agreement is attached hereto as **Exhibit H** and incorporated herein.

52.     Pursuant to the Second Old Colony Road Agreement, Ascentium agreed to fund $53,676.97 for a second purchase from Quality Petro Services (the "Second Quality Petro Services Equipment" and together with the First Old Colony Road Equipment, the "Collateral").

53.     NRWA agreed to repay all sums advanced by Ascentium under the Second Old Colony Road Agreement, together with interest, fees, and other charges, in accordance with its terms.

54.     Khan also executed the Second Old Colony Road Agreement in his individual capacity, whereby he unconditionally guaranteed NRWA's payment and performance in accordance with its respective terms.

55.     KLLC also contemporaneously executed a guaranty in Ascentium's favor, unconditionally guaranteeing NRWA's payment and performance under the Second Old Colony Road Agreement (the "Second KLLC Guaranty" and collectively with the First KLLC Guaranty, the "KLLC Guaranties").  A true and correct copy of the Second KLLC Guaranty is attached hereto as **Exhibit I** and incorporated herein.

56.     Ascentium transferred $53,676.97 to Quality Petro Services, as evidenced by the Payment Notification dated July 2, 2018 (the "Second Quality Petro Funding Receipt").  A true and

correct copy of the Second Quality Petro Funding Receipt is attached hereto as **Exhibit J** and incorporated herein.

### C.   Default under First Old Colony Road Agreement; Non-Existent Collateral

57.   As consideration for the First Old Colony Road Funding, NRWA contractually agreed to make certain specified monthly payments to Ascentium and granted Ascentium a security interest in the First Old Colony Road Equipment.

58.   On or around April 9, 2020, Ascentium and NRWA executed an Amendment and Modification of Payment Terms for the First Old Colony Road Agreement (the "First Old Colony Road Amendment" and collectively with the First Old Colony Road Agreement, the "First Old Colony Road Amended Agreement"), whereby Ascentium granted NRWA a three (3) month payment deferral based on the global COVID pandemic.  A true and correct copy of the First Old Colony Road Amendment is attached hereto as **Exhibit K** and incorporated herein.

59.   Pursuant to the First Old Colony Road Amendment, starting on April 10, 2020, NRWA was required to make three (3) month installment payments of $0.00.  Beginning on July 10, 2020, NRWA was required to make thirty-eight (38) monthly installment payments of $3,693.62.

60.   Following the execution of the First Old Colony Road Amendment, NRWA failed to tender any payments to Ascentium.

61.   As a result of NRWA's default under the First Old Colony Road Amended Agreement, on August 31, 2020, Ascentium accelerated the balance due under the First Old Colony Road Amended Agreement and made demand for immediate payment of the accelerated balance and return of the First Old Colony Road Equipment (the "Acceleration and Demand Letter").  A true and correct copy of the Acceleration and Demand Letter is attached hereto as **Exhibit L** and incorporated herein.

62.     Ascentium also performed a collateral inspection at the Old Colony Road Facility and discovered that the Pasqualini Equipment was neither present nor installed.

63.     On information and belief, Pasqualini never even purchased the Pasqualini Equipment.

64.     On information and belief, Pasqualini and Khan knew that equipment identical to the Pasqualini Equipment was going to be purchased, not from Pasqualini, but from another vendor, SEI Fuel Services, Inc.

65.     As of February 11, 2021, the First Old Colony Road Amended Agreement remains in default.

66.     To date, Pasqualini, NRWA, Khan, and KLLC have refused to provide Ascentium with (a) product details for the Pasqualini Equipment, including purchase dates, delivery dates, and product types, and (b) the installation and labor records associated with the installation of the Pasqualini Equipment at the Old Colony Road Facility, despite a letter from Ascentium to Pasqualini's counsel requesting such information (the "Letter Request").  A true and correct copy of the Letter Request is attached hereto as **Exhibit M** and incorporated herein.

**D.     Default under Second Old Colony Road Agreement; Non-Existent Collateral**

67.     As consideration for the Second Old Colony Road Funding, NRWA contractually agreed to make certain specified monthly payments to Ascentium and granted Ascentium a security interest in the Second Quality Petro Services Equipment.

68.     On or around June 17, 2020, Ascentium and NRWA executed an Amendment and Modification of Payment Terms for the Second Old Colony Road Agreement (the "Second Old Colony Road Amendment" and together with the Second Old Colony Road Agreement, the "Second Old Colony Road Amended Agreement"), whereby Ascentium granted NRWA a reduced three (3)

month payment amount based on the global COVID pandemic.  A true and correct copy of the Second Old Colony Road Amendment is attached hereto as **Exhibit N** and incorporated herein.

69.     Pursuant to the Second Old Colony Road Amendment, starting on April 10, 2020, NRWA was required to make three (3) month installment payments of $19.00.  Beginning on July 10, 2020, NRWA was to make thirty-eight (38) monthly installment payments of $1,172.86.

70.     Following the execution of the Second Old Colony Road Amendment, NRWA tendered a single payment of $1,172.86 to Ascentium.

71.     As a result of NRWA's default under the Second Old Colony Road Amended Agreement, Ascentium accelerated the balance due under the Second Old Colony Road Amended Agreement and made demand for immediate payment of the accelerated balance and return of the Second Quality Petro Services Equipment in the Acceleration and Demand Letter.

72.     As of February 11, 2021, the Second Old Colony Road Amended Agreement remains in default.

## COUNT I
## BREACH OF CONTRACT

### (THE FIRST OLD COLONY ROAD AMENDED AGREEMENT)

73.     Ascentium restates and incorporates the allegations in the preceding paragraphs of this complaint as if fully set forth herein.

74.     The First Old Colony Road Amended Agreement is a valid contract and fully enforceable against NRWA, as borrower, and Khan and KLLC, as guarantors.

75.     The KLLC Guaranties are valid contracts and fully enforceable against KLLC in accordance with their respective terms.

76.     Ascentium advanced $172,230.76 under for the First Old Colony Road Amended Agreement for the benefit of NRWA.

77.     NRWA is in breach of the First Old Colony Road Amended Agreement by failing to make all of the required payments when due.

78.     NRWA's breach of the First Old Colony Road Amended Agreement is the proximate and direct cause of the damages incurred by Ascentium.

79.     Khan and KLLC are jointly and severally liable with NRWA for the amounts due and owing under the First Old Colony Road Amended Agreement.

80.     As a result of NRWA's material breach of the First Old Colony Road Amended Agreement, Ascentium is entitled to recover from NRWA, Khan, and KLLC (joint and several), as of August 31, 2020, $7,386.50 in past-due payments and $126,906.19 in the aggregate amount of the remaining installment payments over the term of the loan, discounted at 3% as provided for in the First Old Colony Road Amended Agreement.  Additionally, Ascentium is owed late charges of $738.72, return item charges of $60.00, insurance charges of $1,506.45, and default interest on past due amounts of $94.30, for a grand total of $136,692.16.  Interest continues to accrue.

81.     Ascentium is also entitled to recover its reasonable attorneys' fees and costs from NRWA, Khan, and KLLC under the terms of the First Old Colony Road Amended Agreement.

## COUNT II
## BREACH OF CONTRACT

### (THE SECOND OLD COLONY ROAD AMENDED AGREEMENT)

82.     Ascentium restates and incorporates paragraphs 1 through 72 of this complaint as if fully set forth herein.

83.     The Second Old Colony Road Amended Agreement is a valid contract and fully enforceable against NRWA, as borrower, and Khan and KLLC, as guarantors.

84.     The KLLC Guaranties are valid contracts and fully enforceable against KLLC in accordance with their respective terms.

85.     Ascentium advanced $53,676.97 under for the Second Old Colony Road Amended Agreement for the benefit of NRWA.

86.     NRWA is in breach of the Second Old Colony Road Amended Agreement by failing to make all of the required payments when due.

87.     NRWA's breach of the Second Old Colony Road Amended Agreement is the proximate and direct cause of the damages incurred by Ascentium.

88.     Khan and KLLC are jointly and severally liable with NRWA for the amounts due and owing under the Second Old Colony Road Amended Agreement.

89.     As a result of NRWA's material breach of the Second Old Colony Road Amended Agreement, Ascentium is entitled to recover from NRWA, Khan, and KLLC (joint and several), as of August 31, 2020, $2,345.72 in past-due payments and $40,297.38 in the aggregate amount of the remaining installment payments over the term of the loan, discounted at 3% as provided for in the Second Old Colony Road Amended Agreement.  Additionally, Ascentium is owed late charges of $496.16, return item charges of $60.00, insurance charges of $763.02, and default interest on past due amounts of $36.22, for a grand total of $43,998.50.  Interest continues to accrue.

90.     Ascentium is also entitled to recover its reasonable attorneys' fees and costs from NRWA, Khan, and KLLC under the terms of the Second Old Colony Road Amended Agreement.

**COUNT III**
**FRAUD**

91.     Ascentium restates and incorporates paragraphs 1 through 72 of this complaint as if fully set forth herein.

92.     Pasqualini and Khan, acting independently and as part of a conspiracy made affirmative, material misrepresentations to Ascentium including, but not limited to:

        a.      The legitimacy of the Pasqualini Invoice;

      b.     NRWA's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice from Pasqualini;

      c.     Pasqualini's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice from its supplier(s) upon funding from Ascentium; and

      d.     Pasqualini's intent to install the Pasqualini Equipment identified and described in the Pasqualini Invoice upon funding from Ascentium.

93.     Pasqualini and Khan knowingly knew the representations were false or made the representations recklessly and without knowledge of their truth.

94.     Pasqualini and Khan made the representations with the intent to deceive Ascentium into thinking, among other things, that: (i) the Pasqualini Invoice accurately represented equipment and labor that NRWA intended to purchase; (ii) NRWA's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice from Pasqualini, (iii) Pasqualini's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice upon funding from Ascentium; and (iv) Pasqualini's intent to install the Pasqualini Equipment identified and described in the Pasqualini Invoice upon funding from Ascentium.

95.     Ascentium relied on Pasqualini's and Khan's representations.

96.     Ascentium has sustained significant damages based on the false representations by Pasqualini and Khan.  Among other things, the false representations: (1) deceived Ascentium into approving and providing $128,500 in funding; (2) deceived Ascentium into believing that the First Old Colony Road Amended Agreement was secured by valuable collateral, worth approximately $128,500; (3) caused Ascentium to incur significant internal collection costs; and (4) caused Ascentium to incur significant attorneys' fees and costs.

97.     The total damages incurred by Ascentium as a result of Pasqualini's and Khan's fraud will be demonstrated at trial.

## COUNT IV
## <u>FRAUD IN THE INDUCEMENT</u>

98.     Ascentium restates and incorporates paragraphs 1 through 72 of this complaint as if fully set forth herein.

99.     Pasqualini and Khan, acting independently and as part of a conspiracy made affirmative, material misrepresentations to Ascentium including, but not limited to:

      a.      The legitimacy of the Pasqualini Invoice;

      b.      NRWA's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice from Pasqualini;

      c.      Pasqualini's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice upon funding from Ascentium; and

      d.      Pasqualini's intent to install the Pasqualini Equipment identified and described in the Pasqualini Invoice from its supplier(s) upon funding from Ascentium.

100.     Pasqualini and Khan knowingly knew the representations were false or made the representations recklessly and without knowledge of their truth.

101.     Pasqualini and Khan made the representations with the intent to deceive Ascentium into thinking, among other things, that: (i) the Pasqualini Invoice accurately represented equipment and labor that NRWA intended to purchase; (ii) NRWA's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice from Pasqualini, (iii) Pasqualini's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice upon funding from Ascentium; and (iv) Pasqualini's intent to install the Pasqualini Equipment identified and described in the Pasqualini Invoice upon funding from Ascentium.

102.     Ascentium relied on Pasqualini's and Khan's representations.

103.     Ascentium has sustained significant damages based on the false representations by Pasqualini and Khan.  Among other things, the false representations: (1) deceived Ascentium into

- 17 -

approving and providing $128,500 in funding; (2) deceived Ascentium into believing that the First Old Colony Road Amended Agreement was secured by valuable collateral, worth approximately $128,500; (3) caused Ascentium to incur significant internal collection costs; and (4) caused Ascentium to incur significant attorneys' fees and costs.

104.    The total damages incurred by Ascentium as a result of Pasqualini's and Khan's fraud will be demonstrated at trial.

## COUNT V
## NEGLIGENT MISREPRESENTATIONS

105.    Ascentium restates and incorporates paragraphs 1 through 72 of this complaint as if fully set forth herein.

106.    Pasqualini and Khan, acting independently and as part of a conspiracy made affirmative, material misrepresentations to Ascentium including, but not limited to:

      a.    The legitimacy of the Pasqualini Invoice;

      b.    NRWA's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice from Pasqualini;

      c.    Pasqualini's intent to purchase the Pasqualini Equipment identified and described in the Pasqualini Invoice upon funding from Ascentium; and

      d.    Pasqualini's intent to install the Pasqualini Equipment identified and described in the Pasqualini Invoice from its supplier(s) upon funding from Ascentium.

107.    Pasqualini and Khan had a pecuniary interest in the First Old Colony Road Amended Agreement.

108.    Pasqualini and Khan supplied the false information during the course of its business operations.

109.    Pasqualini and Khan failed to exercise reasonable care of competence in communicating the false representations.

110.    Ascentium justifiably relied on Pasqualini's and Khan's false representations.

111.    Ascentium has sustained significant pecuniary damages based on the false representations by Pasqualini and Khan.  Among other things, the false representations: (1) deceived Ascentium into approving and providing $128,500 in funding; (2) deceived Ascentium into believing that the First Old Colony Road Amended Agreement was secured by valuable collateral, worth approximately $128,500; (3) caused Ascentium to incur significant internal collection costs; and (4) caused Ascentium to incur significant attorneys' fees and costs.

112.    The total damages incurred by Ascentium as a result of Pasqualini's and Khan's negligent and false representations will be demonstrated at trial.

### COUNT VI
### MONEY HAD AND RECEIVED / UNJUST ENRICHMENT

113.    Ascentium restates and incorporates paragraphs 1 through 72 of this complaint as if fully set forth herein.

114.    Based on the Pasqualini Invoice and the First Old Colony Road Amended Agreement, Ascentium wired $128,500 to Pasqualini for the sole purpose of applying such funds toward the: (i) purchase, delivery, and installation of the Pasqualini Equipment, and (ii) the funding of Pasqualini's Labor Costs.

115.    Pasqualini and Khan knew of or accepted and appreciated the benefit of the $128,500 in loan proceeds.

116.    Pasqualini and Khan knew Ascentium was financing a specific transaction and providing the Pasqualini Funding to Pasqualini in payment of the Pasqualini Invoice.

117.    Thereafter, Pasqualini and Khan agreed to cancel the Pasqualini Order, and Pasqualini failed to deliver and install the Pasqualini Equipment and the Old Colony Road Facility.

118.    Since that time, Pasqualini has failed and refused to return the Pasqualini Funds to Ascentium regardless of the fact that the Pasqualini Equipment was never delivered or installed at the Old Colony Road Facility.

119.    Under the circumstances, it would be inequitable for Pasqualini and Khan to retain the benefits conferred without compensating Ascentium.

120.    As such, Pasqualini and Khan are liable to Ascentium for an amount to be demonstrated at trial.

**COUNT VII**
**CONVERSION**

121.    Ascentium restates and incorporates paragraphs 1 through 72 of this complaint as if fully set forth herein.

122.    Under the facts and circumstances alleged herein, Ascentium is entitled to immediate possession of the Pasqualini Funding.

123.    Pasqualini and Khan have maintained possession of the Pasqualini Funding and therefore misappropriated said funds for their own personal benefit.

124.    Pasqualini and Khan have wrongfully retained and exercised dominion over the Pasqualini Funds in light of the cancellation of the Pasqualini Order, but nevertheless have used said funds for their own personal benefit.

125.    On October 30, 2020, Ascentium made a written demand to Defendants demanding the return of the Pasqualini Funds.

126.    On November 9, 2020, Pasqualini (through counsel) refused to return the funds to Ascentium.

127.    To date, Ascentium has never received a response from NRWA, Khan, or KLLC.

128.     The conduct of Pasqualini and Khan constitutes a knowing, willful, and intentional conversion of the Pasqualini Funds.

129.     Ascentium is entitled to recover the Pasqualini Funds from Pasqualini and Khan.

130.     As such, Pasqualini and Khan are liable to Ascentium for an amount to be demonstrated at trial.

**WHEREFORE**, having stated its complaint against these Defendants, Ascentium requests the following relief in this action:

A.      Under Count I, for judgment against Defendants NRWA, Khan, and KLLC, joint and several, for damages as of August 31, 2020 of: $7,386.50 in past-due payments and $126,906.19 in the aggregate amount of the remaining installment payments over the term of the loan, discounted at 3% as provided for in the First Old Colony Road Amended Agreement.  Additionally, Ascentium is owed late charges of $738.72, return item charges of $60.00, insurance charges of $1,506.45, and default interest on past due amounts of $94.30, for a grand total of $136,692.16 with interest continuing to accrue until judgment;

B.      Under Count II, for judgment against Defendants NRWA, Khan, and KLLC, joint and several, for compensatory damages as of August 31, 2020: $2,345.72 in past-due payments and $40,297.38 in the aggregate amount of the remaining installment payments over the term of the loan, discounted at 3% as provided for in the Second Old Colony Road Amended Agreement. Additionally, Ascentium is owed late charges of $496.16, return item charges of $60.00, insurance charges of $763.02, and default interest on past due amounts of $36.22, for a grand total of $43,998.50 with interest continuing to accrue until judgment;

C.      Under Count III, for judgment against Defendants Pasqualini and Khan, joint and several, for compensatory damages in an amount to be proven at trial;

D.      Under Count IV, for judgment against Defendants Pasqualini and Khan, joint and several, for compensatory damages in an amount to be proven at trial;

E.      Under Count V, for judgment against Defendants Pasqualini and Khan, joint and several, for compensatory damages in an amount to be proven at trial;

F.      Under Count VI, for judgment against Defendants Pasqualini and Khan, joint and several, for compensatory damages in an amount to be proven at trial;

G.      Under Count VII, for judgment against Defendants Pasqualini and Khan, joint and several, for compensatory damages in an amount to be proven at trial;

H.      For recovery of pre-judgment and post-judgment interest as authorized under applicable law;

I.      For an order awarding Ascentium reasonable attorneys' fees and costs of suit, including expert witness fees; and

J.      Under all Counts, for such other and further legal and equitable relief that the Court deems just and appropriate.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
vhenderson@bakerdonelson.com
***Counsel for Plaintiff***